ARNOLD *v.* THE STATE, EX REL. CARSON.

(Decided June 6, 1930.)

480

*Mr. R. L. Thomas,* prosecuting attorney, and *Mr. James S. Cooper,* for plaintiff in error.

*Messrs. Lewis & Levin* and *Mr. T. A. Johnson,* for defendant in error.

POLLOCK, J.   The question for determination is whether, when, on appeal, the judgment is against the plaintiff, the court of common pleas has authority, under Section 2923, General Code, to allow the taxpayer his attorney fees and adjudge payment thereof against the defendants, the judgment in the court of common pleas having been in favor of plaintiff, a taxpayer.

It is contended by the defendant in error that the appeal from the judgment of the court of common pleas did not appeal the judgment allowing the plaintiff below reasonable attorney fees and ordering that the determination of the amount to be allowed be reserved to the final determination of the action; that the court on entering judgment in favor of the plaintiff on the issues between the par-

ties was required under the provisions of Section 2923, General Code, to enter judgment allowing the taxpayer his attorney fees; and that such judgment and order were only incidental to the judgment, finding the issues in favor of plaintiff.

It is therefore urged that, as error proceedings were not filed in this court from the judgment of the court of common pleas allowing attorney fees, within the time limited by the Code, the only question this court can consider is the reasonableness of the fees allowed.

Whether the time limiting the right to begin an action in error from a judgment allowing attorney fees to plaintiff begins to run from the entry of such judgment, when an appeal is taken from the judgment in favor of the plaintiff on the issues in the pleadings, depends upon the construction that should be given Section 2923, General Code, and will be referred to in the further consideration of the case.

In order that the plaintiff, a taxpayer, may be entitled to the allowance of attorney fees under such section of the Code he must recover a judgment in his favor.

If then the judgment, which determines the plaintiff's right to recover his attorney fees as costs in the case, is the one entered by the common pleas court, then the allowance of attorney fees by that court is a valid judgment, notwithstanding the action was appealed to the Court of Appeals and the judgment in the later court was against the plaintiff.

Section 2923, General Code, reads as follows: "If the court hearing such case is satisfied that such taxpayer is entitled to the relief prayed for in his

petition, and judgment is ordered in his favor, he shall be allowed his costs, including a reasonable compensation to his attorney."

The court hearing the case must be satisfied that the taxpayer is entitled to the relief prayed for in his petition, and the judgment must be in his favor before he can be allowed his attorney fees.

It then becomes important to determine the effect an appeal of the action has on the judgment of the common pleas court.

Turning attention then to the effect of an appeal on the judgment in the lower court, we refer to *Mason* v. *Alexander*, 44 Ohio St., 318, particularly to a portion of the opinion by Judge Spear, on page 328, 7 N. E., 435, 439, "in Ohio the appeal itself vacates, without revisal, the whole proceeding as to findings of fact as well as law, and the case is heard upon the same or other pleadings, and upon such competent testimony as may be offered in that court. It takes up the subject of the action *de novo,* in respect to pleadings, necessary parties, trial and judgment, in like manner as if the cause had never been tried below."

The same principle was again announced by the Supreme Court, in the second paragraph of the syllabus in *Barnes* v. *Christy,* 102 Ohio St., 160, 131 N. E., 352: "In Ohio on appeal of a chancery case the decree of the court below is suspended and the whole case is transferred to the court of appeals. That court has the same jurisdiction of the subject-matter of the action, the same control over the pleadings, the issuing and service of process, as well as the final determination of the case, that the court below had."

The second volume of Ohio Jurisprudence, Section 315, under the heading Appeal and Error, notes the above citation and others by the Supreme Court and then refers to the fact that an appeal is somewhat different in this state from an appeal in other jurisdictions. It says: "An appeal in Ohio takes up the subject matter of the action at the point where the court below took it up and proceeds from that point in respect to pleadings, necessary parties in chancery, testimony, trial and judgment in like manner as if the cause had never been tried below."

When an appeal is taken to the Court of Appeals, the judgment in the court of common pleas, on the issues joined in the pleadings between the parties, is suspended, and any judgment allowing attorney fees based on that judgment is also suspended while the case is pending in the Court of Appeals. On appeal, the Court of Appeals has the same jurisdiction to determine the issues in the action that the court of common pleas first had. The judgment entered in the Court of Appeals was in favor of the defendants against the plaintiff. This judgment superseded the one in the court of common pleas, and finally determined the issues raised in the pleadings against the taxpayer.

The plaintiff, taxpayer, did not have a right to be allowed his attorney fees, for the judgment on the relief prayed for in his petition was not in his favor. Any judgment allowing him attorney fees entered prior to the final entry in the case was suspended during the pendency of the case in the Court of Appeals, and when that court entered judgment against the taxpayer the allowance of attorney fees was void.

When the judgment which finally determines the

issues in the pleadings between the parties is against the taxpayer, the allowance of any attorney fees to him by the court of common pleas is void, and the time limited by the Code for beginning error proceedings would not begin to run until after the court of common pleas had determined the amount that it would allow the taxpayer as his reasonable attorney fee.

Our attention has been called to the section of the General Code which authorizes like proceedings in a municipality. It is urged that the section, prior to its amendment some years ago, was substantially the same as Section 2923, and that the Legislature amended the municipal section, providing in plain terms that the taxpayer could not recover attorney fees unless the final judgment was in his favor, and that if the Legislature had not intended that the taxpayer should recover attorney fees under Section 2923, when the judgment in the common pleas court was in his favor, even if on appeal it was against him, it would have amended that section also.

The municipal provision prior to enactment of the General Code, Section 1779, Revised Statutes, was manifestly different from the provisions of Section 2923, General Code. The fact that the Legislature amended one section and not the other does not indicate the construction that should be given to the latter nor does it assist in the construction of that section.

The judgment is reversed and final judgment entered in favor of the plaintiff in error.

*Judgment reversed and judgment for plaintiff in error.*

ROBERTS and FARR, JJ., concur.